**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA FLORA NAJERA, | NO. CV 16-2442-E |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | **AND ORDER OF REMAND** |
| Defendant. | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on April 9, 2016, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 28, 2016.

///

1    Plaintiff filed a motion for summary judgment on October 11,
2  2016.  Defendant filed a motion for summary judgment on November 9,
3  2016.  The Court has taken both motions under submission without oral
4  argument.  See L.R. 7-15; "Order," filed April 11, 2016.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

  Plaintiff, a sewing machine operator, asserts disability since March 2, 2009, based on a combination of alleged impairments (Administrative Record ("A.R.") 41-43, 49-54, 195-97, 221, 228).  An Administrative Law Judge ("ALJ") found Plaintiff suffers from "the following severe impairments: internal derangement of the left knee; mild left knee degenerative disease, arthritis of the bilateral knees; mild L4-L5 degenerative disc disease; mild lumbar degenerative scoliosis; mild straightening of the cervical lordosis and obesity" (A.R. 21).  The ALJ also found, however, that Plaintiff retains the residual functional capacity to perform a narrowed range of light work, including the capacity to "sit for eight hours" (A.R. 23).  This sitting capacity contradicted the opinions of all the treating and examining physicians who opined on the subject (A.R. 263 (examining physician Dr. Payam Moazzaz' opinion Plaintiff can "sit for six hours in an eight-hour workday with normal breaks"), 411-12 (treating physician Dr. Joseph Oei's opinion Plaintiff cannot work any hours in a workday), 368-69 (treating physician Dr. David Payne's opinion Plaintiff cannot work any hours in a workday), 330 (treating physician Dr. Agnes Quion's opinion Plaintiff can work about three hours in an eight hour workday).  The sitting capacity the ALJ found to exist also appears to exceed the sitting capacity all of the non-examining

physicians assessed (A.R. 46 (non-examining medical expert opines Plaintiff "could handle eight hours in an eight hour workday sitting <u>given the opportunity to stand and change position at will</u>") (emphasis added); A.R. 65, 73, 84, 94 (state agency physicians' opinions Plaintiff can sit about six hours in an eight hour workday)) (emphasis added).

A vocational expert testified that a person having the residual functional capacity the ALJ found to exist (including the capacity to "sit for eight out of eight [hours]" could perform Plaintiff's past relevant work as a sewing machine operator (A.R. 58). The vocational expert also testified that the work of a sewing machine operator is usually performed seated and that Plaintiff had indicated she sat for nine hours when performing her past work (A.R. 58; <u>see</u> A.R. 233). In reliance on the vocational expert's testimony, the ALJ found Plaintiff capable of performing her past relevant work as a sewing machine operator, as that work is generally performed and as that work was actually performed by Plaintiff (A.R. 27). The Appeals Council considered additional evidence, but denied review (A.R. 1-5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. <u>See</u> <u>Carmickle v. Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1074 (9th Cir. 2007); <u>see also</u> <u>Brewes v. Commissioner</u>,

682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of

4

1  the record as a whole, the ALJ's decision was supported by substantial
2  evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953,
3  957 n.7 (9th Cir. 1993) ("the Appeals Council considered this
4  information and it became part of the record we are required to review
5  as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

On the present record, substantial evidence does not support the determination Plaintiff can perform her past relevant work. Remand is appropriate.

The ALJ failed to acknowledge that the sitting capacity the ALJ found to exist exceeded the capacity found by any of the medical sources (A.R. 19-28). To the contrary, the ALJ claimed that "Dr. Moazzar [sic], an orthopedic specialist, assessed limitations comparable to those assessed herein. . . ." (A.R. 26). As previously noted, Dr. Moazzaz assessed Plaintiff's sitting capacity at two hours less than the capacity assessed by the ALJ. The ALJ also appeared to assert that the residual functional capacity the ALJ found to exist was consistent with the medical expert's opinions regarding Plaintiff's functional limitations (A.R. 26). Yet, the medical expert opined Plaintiff would need to "stand and change position at will" in order to "handle eight hours in an eight hour workday" (A.R. 46).

An ALJ's material mischaracterization of the record can warrant remand. See, e.g., Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999). The above described

mischaracterizations are potentially material.

Social Security Ruling ("SSR") 96-8p provides: "[i]f the RFC [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[1] The ALJ's decision contains no specific explanation why the ALJ failed to adopt into "the RFC assessment" the sitting capacity opinions of the medical sources, including Dr. Moazzaz. The ALJ thereby erred. See id.

No medical opinion evidence fully supports the sitting capacity the ALJ found to exist. The ALJ's lay opinion on the subject cannot properly fill this gap in proof. See Tackett v. Apfel, 180 F.3d at 1102-03 (ALJ erred in rejecting physicians' opinions and finding greater residual functional capacity based on claimant's testimony that he took a road trip; there was no medical evidence to support the ALJ's determination); Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) (an "ALJ cannot arbitrarily substitute his own judgment for competent medical opinion") (internal quotation marks and citation omitted); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is forbidden from making his or her own

---

[1] SSRs are "binding on ALJs." Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). The term "medical source" as used in SSR 96-8p includes a consultative examining physician. See SSR 96-8p (referencing SSR 96-5p); SSR 96-5p (defining "medical sources" as "including treating sources, other examining sources, and non-examining physicians, psychologists and other medical sources"); see also 20 C.F.R. § 404.1513(a).

medical assessment beyond that demonstrated by the record).

The Court is unable to deem the errors in the present case to have been harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error"). In the present case, the vocational expert's testimony assumed a sitting capacity of eight hours in an eight-hour day with no option to stand or otherwise change positions at will (A.R. 58). Vocational experts in other cases have testified that the job of a sewing machine operator is incompatible with a sit/stand option. See, e.g. Zaragoza v. Astrue, 2010 WL 1342933, at *2 (E.D. Cal. April 5, 2010); Ruelas v. Astrue, 2009 WL 229751, at *4 (W.D. Va. July 29, 2009).

It is true that the claimant has the burden of proving an inability to perform his or her past relevant work. See Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987). It is also true that an ALJ need not always consult a vocational expert to find that a claimant can perform the claimant's past relevant work. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Miller v. Heckler, 770 F.2d 845, 850 (9th Cir. 1985). Absent the vocational expert's testimony in the present case, however, the record lacks substantial evidence that a person with Plaintiff's limitations could perform Plaintiff's past relevant work. See Burkhart v. Bowen, 856 F.2d 1335,

1341 (9th Cir. 1988) (administration may not speculate concerning the requirements of particular jobs); Pinto v. Massanari, 249 F.3d at 844 (although the claimant has the burden of proving an inability to perform his or her past relevant work, "the ALJ still has a duty to make the requisite factual findings to support his [or her] conclusion"); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure the claimant's interests are considered . . .").

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 8, 2016.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d at 1021.

9